UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAYAL ORTHOPAEDIC CENTER, P.C., on assignment of Toni B., <br><br> Plaintiff, <br><br> v. <br><br> EMPIRE BLUE CROSS BLUE SHIELD, <br><br> Defendant. | Civil Action No.: 16-09059 (CCC) (SCM) <br><br> OPINION |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on Empire Blue Cross Blue Shield's ("Defendant") Motion to Dismiss Plaintiff Kayal Orthopaedic Center, P.C.'s ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 10.) Plaintiff opposes Defendant's motion. (ECF No. 15.) The Court has given careful consideration to the parties' submissions. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons set forth below, Defendant's motion is granted.

II. **BACKGROUND**

Plaintiff is a healthcare provider in Bergen County, New Jersey. (ECF No. 1. ("Compl.") ¶ 1.) Defendant is engaged in the business of providing and administering health care plans and policies, including the health benefits plan of Plaintiff's patient, Toni. B. ("Patient"), that is at issue in this case (Id. ¶ 2 & 3.)

On September 8, 2015, October 20, 2015, and December 8, 2015, Plaintiff provided

medical services to Patient. (*Id.* ¶ 4.) Attached as Exhibit B to the Complaint, is an unsigned and undated document titled "Assignment of Benefits Form,[1]" Plaintiff contends that it obtained an assignment of benefits from Patient to assert a claim for recovery under the Employment Retirement Income Security Act of 1974, 29 USC § 1002, *et seq.* ("ERISA"). (*Id.* ¶ 6.) Pursuant to the alleged assignment of benefits, Plaintiff made a formal demand on Defendant for $188,000.00 as payment for services rendered to Patient. (*Id.* ¶ 7.) Defendant paid Plaintiff $6,836.28 for these services. (*Id.* ¶ 8.) Plaintiff brings this suit under ERISA seeking[2]: (1) the $181,163.72 difference between the amount demanded and the amount paid; (2) relief stemming from Defendant's alleged breach of its fiduciary and co-fiduciary duties under 29 U.S.C. §§ 1132(a)(3), 1104(a)(1), and 1105(a); and (3) relief allegedly stemming from Defendant's failure to establish or maintain reasonable claims procedures under 29 C.F.R. § 2560.503-1. (*Id.* ¶¶ 13, 32, 47.)

On October 14, 2016, Plaintiff filed its Complaint in the Superior Court of New Jersey, Law Division, Bergen County. (ECF No. 1.) On December 9, 2016, Defendant removed Plaintiff's Complaint to this Court. (ECF No. 1.) On January 13, 2017, Defendant filed its Motion to Dismiss. (ECF No. 10.) On February 21, 2017, Plaintiff filed an opposition to the motion and voluntarily dismissed its state law breach of contract claim. (ECF No. 15.) On March 6, 2017, Defendant

---

[1] In its Motion to Dismiss, Defendant argues such a form is inadequate proof of the existence of an assignment in the first place. (Mot. at 8-10.) Because this Court finds that Patient's health benefits plan contained a valid anti-assignment provision and that any assignment, regardless of the legitimateness of its execution, accordingly would have been improper, this Court need not reach this element of Defendant's motion in this Opinion.

[2] The accompanying counts do not include Plaintiff's Count 1 for state law breach of contract claim (Compl. at 13-14), which Plaintiff voluntarily dismissed on February 21, 2017 (ECF No. 15. at 3.)

filed its reply in further support of its Motion to Dismiss. (ECF No. 18).

In its Motion to Dismiss, Defendant argues that Patient's health plan contained a valid and enforceable anti-assignment provision, and that, as a result of that provision, the assignment obtained by Plaintiff was not valid and therefore Plaintiff lacks standing to pursue its ERISA claims. (Mot. at 6.)

### III. <u>LEGAL STANDARDS</u>

#### A. Rule 12(b)(1)

A motion to dismiss for lack of standing is properly brought pursuant to Federal Rules of Civil Procedure 12(b)(1), because standing is a matter of jurisdiction. *Ballentine v. United States*, 486 F.3d 806, 810 (3d. Cir. 2007) (citing *St. Thomas-St. John Hotel Tourism Ass'n v. Gov't of the U.S. Virgin Islands*, 218 F.3d 232, 240 (3d. Cir. 2000)).

Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). One key aspect of this case and controversy requirement is standing. *Id.* at 439. "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir 2014) (citing *Davis v. FEC*, 554 U.S. 724, 734 (2008)).

To establish standing, a plaintiff must establish: (1) an "injury in fact," i.e., an actual or imminently threatened injury that is "concrete and particularized" to the plaintiff; (2) causation, i.e., traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court. *Nat'l Collegiate Athletic Ass'n v. Gov. of N.J.*, 730 F.3d 208, 218 (3d. Cir. 2013) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders*

*of Wildlife*, 504 U.S. 555, 561 (1992). Although a plaintiff bears the burden of establishing the elements of standing, at the motion to dismiss stage, the Court "must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." *Ballentine*, 486 F.3d at 810.

**B.     Rule 12(b)(6)**

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. City of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated... Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

Where, as here, a plaintiff's claims are based on benefit plans that are referenced in a

4

complaint, a court may consider the plan documents without converting a motion to dismiss into a motion for summary judgment. *See Briglia v. Horizon Healthcare Servs., Inc.*, No. 03-6033 (FLW), 2005 WL 1140687, at *9 (D.N.J. May 13, 2005). Here, the Complaint relies on the terms of Patient's health benefits plan. (Compl. ¶ 6.) Accordingly, the Court relies on Plaintiff's plan in deciding the present motion.

## IV.   DISCUSSION

For the reasons set forth below, this Court finds that Plaintiff's Complaint fails to set forth sufficient facts showing the anti-assignment provision in Patient's health benefits plan is unenforceable and, consequently, finds that Plaintiff lacks standing to bring its ERISA claims against Defendant. Accordingly, the Court will dismiss the Complaint without prejudice.

### A.   The Anti-Assignment Provision in Patient's Health Benefits Plan is Valid and Enforceable as against Plaintiff

Pursuant to 29 U.S.C. § 1132(a)(2), only participants, beneficiaries and fiduciaries have standing to bring claims based on the denial of ERISA benefits. *See Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27 (1983). Plaintiff does not contend that it is a participant in, beneficiary of, or fiduciary of Patient's health benefits plan. Rather, Plaintiff argues that it has standing as the alleged assignee of Patient's benefits related to the medical services rendered, (Compl. ¶ 6), despite the anti-assignment provision in Patient's health benefits plan. Plaintiff contends that such a provision is unenforceable, both in general and as applied to Plaintiff. (Oppos. at 4.) For the reasons discussed below, both of Plaintiff's arguments fall short.

This Court and others in the Third Circuit have routinely held that an unambiguous anti-assignment provision in a health benefits plan bars an alleged assignee's standing to bring claims under ERISA. *See Kaul v. Horizon Blue Cross Blue Shield*, No. 15-8268, 2016 WL 4071953, at

5

*3 (D.N.J. July 29, 2016); *Prof'l Orthopedic Assocs., P.A. v. Excellus Blue Cross Blue Shield*, No. 14-6950, 2015 WL 4387981, at *7 (D.N.J. July 15, 2015); *Neurological Surgery Assocs. P.A. v. Aetna Life Ins. Co.*, No. 12-5600, 2014 WL 2510555, at *9 (D.N.J. June 4, 2014); *Cohen v. Independence Blue Cross*, 820 F. Supp. 2d 594, at 603-04 (D.N.J. 2011); *Briglia* 2005 WL at *9. The anti-assignment provision in Patient's health benefits plan states, in relevant part:

> You cannot assign your right to receive payment to anyone else, except as required by a "Qualified Medical Child Support order" as defined by ERISA or any applicable state or Federal law.
>
> ...
>
> The coverage and any benefits under the Plan are not assignable by any Member without the written consent of the Plan, except as provided above.

[Mot. Exhibit A.] The anti-assignment provision is clear on its face and contains specific and express language stating that the health plan's benefits cannot be assigned. Thus, the overwhelming weight of authority in this jurisdiction would favor honoring the anti-assignment provision and dismissing Plaintiff's claims for lack of standing. *See, e.g., Prof'l Orthopedic Assocs.* 2015 WL *7 (holding that a similarly-situated plaintiff lacked standing to pursue ERISA claims for recovery for medical services rendered after determining that an anti-assignment provision was unambiguous and therefore enforceable); *Cohen*, 820 F. Supp. 2d at 605.

In an apparent attempt to overcome this line of cases, Plaintiff first draws a distinction between the assignment of "pre-loss" insurance policies and "post-loss" insurance claims and argues that this Court should disregard the anti-assignment provision in Patient's health benefits plan because the alleged assignment at issue is that of a post-loss claim. (Oppos. at 4.) In other words, Patient allegedly assigned his benefits to Plaintiff after Patient's injury. (Oppos. at 5.) In so arguing, Plaintiff fails to cite any federal cases, relying instead on a recent New Jersey

state court decision, *Givaudan Fragrances Corp. v. Aetna Cas. & Sur. Co.*, 151 A.3d 576 (N.J. 2017). Plaintiff's reliance on *Givaudan*, is misplaced, however, as *Givaudan* concerns corporate successors-in-interest to a contaminated manufacturing site and has nothing to do with ERISA-governed health plans or health insurance generally. *See Id.* In the context of health insurance, New Jersey state courts have held that anti-assignment provisions contained in health benefits plans are valid and enforceable. *See, e.g., Somerset Orthopedic Assocs., P.A. v. Horizon Blue Cross & Blue Shield of N.J.*, 345 N.J. Super. 410 (App. Div. 2001). Accordingly, Plaintiff has failed to provide sufficient facts that suggest the pre-loss/post-loss distinction is a meaningful, relevant, or appropriate means of invalidating an otherwise unambiguous anti-assignment provision in an ERISA-governed health plan.

Plaintiff next argues that Defendant's anti-assignment provision is inapplicable to Plaintiff because Plaintiff "is the provider of the very services which the insurance plan is maintained to furnish." (Oppos. at 6). In so arguing, Plaintiff relies primarily on the Fifth Circuit case *Herman Hosp. v. MEBA Med. & Benefits Plan*, 959 F.2d 569 (5th Cir. 1992), which Plaintiff maintains invalidates anti-assignment provisions as applied to a patient's healthcare provider. (*Id.*) However, Plaintiff's reading of *Herman* goes too far. The Fifth Circuit has cautioned that *Herman* "…[does not stand]… for the proposition that all anti-assignment clauses are per se invalid vis-a-vis providers of health care services." *LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 352 (5th Cir. 2002) (holding that a plan's anti-assignment provision was enforceable.) Moreover, courts in this jurisdiction have repeatedly upheld anti-assignment provisions in insurance plans. *See, e.g., Cohen v. Horizon Blue Cross Blue Shield of New Jersey*, No. 154525, 2015 WL 6082299, at *4 (D.N.J. Oct. 15, 2015); *Advanced Orthopedics & Sports v. Blue Cross Blue Shield of Mass.*, No. 14–7280, 2015 WL 4430488, at *5; *Cohen v. Indep. Blue*

*Cross*, 820 F. Supp. 2d 594, 606 (D.N.J. 2011). Accordingly, this Court finds that Plaintiff has failed to provide sufficient facts to suggest that the anti-assignment provision in Patient's health benefits plan is unenforceable.

### B. Defendant Did Not Waive Its Rights to Enforce the Anti-Assignment Provision

In the alternative, Plaintiff argues that Defendant waived the right to enforce the anti-assignment provision both because Defendant reimbursed Plaintiff directly for Patient's medical expenses in the amount of $6,836.28 and because Plaintiff engaged directly with Plaintiff over the processing of Plaintiff's bill. (Oppos. at 7-8.)

In general, a direct payment to a healthcare provider does not constitute a waiver of an anti-assignment provision where the plan at issue authorizes such payment. *See Kaul* 2016 WL at *3 (finding Defendant did not waive enforcement of the anti-assignment provision of its health benefits plan by reimbursing Plaintiff directly for the insured's medical expenses in the amount of $352.32); *Advanced Orthopedics*, 2015 WL at *7 (holding, in a suit for recovery under ERISA, that neither Defendant's direct payment to Plaintiff nor a "course of inaction" allegedly established by Defendant not immediately raising the anti-assignment provision in response to Plaintiff's demand for reimbursement could constitute waiver under New Jersey state or federal law). Here, as Plaintiff does not contend that Defendant's direct payment to it was unauthorized, the Court does not find Defendant waived the anti-assignment provision by reimbursing Plaintiff directly for Patient's medical expenses.

Plaintiff, citing to New Jersey federal law, also argues that Defendant waived enforcement of the anti-assignment provision by "engaging in a course of conduct directly with Plaintiff over the processing of Plaintiff's bill" (Oppos. at 8). Indeed, District of New Jersey courts have held

that a party may be estopped from enforcing an anti-assignment provision where that party has engaged in a "course of dealing that renders the anti-assignment provision inequitable." *DeMaria v. Horizon Healthcare Services, Inc.*, No. 11–7298, 2015 WL 3460997, at *8 (D.N.J. Jun. 1, 2015). *See also, Gregory Surgical Services, LLC v. Horizon Blue Cross Blue Shield of New Jersey*, No. 06-0462, 2007 WL 4570323, at *4 (D.N.J. Dec. 26, 2007). Plaintiff correctly references this line of cases, however, Plaintiff's reading of the term "course of conduct" is overly broad and the cases are not controlling in or applicable to the case at bar.

In making its argument, Plaintiff cites to *DeMaria*, which is a putative class action brought by three chiropractors alleging that Defendant health care provider systematically denied Plaintiffs payment for certain services rendered. *DeMaria* 2015 WL at *1. Over the course of years of business between Plaintiffs and Defendant in *DeMaria*, Defendants sometimes included anti-assignment provisions in their contracts with Plaintiffs, frequently stating that patients could assign rights to payment but not rights to sue. *Id.* at 8. Ultimately, the court found that despite the sporadic inclusion of these anti-assignment provisions in contracts between the parties, Defendant had waived any right to enforce them by routinely allowing patients to assign their rights to payment to a provider but not let the provider sue for breach of the assigned contract for payment. *Id.* Thus, Defendant in *DeMaria* had engaged in a "course of dealing that renders the anti-assignment provision inequitable." *Id. See also, Gregory Surgical Services* 2007 WL at *4 (holding that anti-assignment provisions in health benefits plans were invalidated by a course of dealing which included regular interaction between plaintiff and defendant and ongoing discussion of patient coverage under health care policies.)

These cases are distinguishable from the case at bar as Plaintiff, here, fails to allege the sort of routine and ongoing "course of dealing" which might otherwise support an argument for waiver

9

of an anti-assignment provision. Outside of Defendant's direct payment to Plaintiff, the only conduct which Plaintiff asserts demonstrates a course of conduct sufficient to constitute waiver was Defendant's written response to Plaintiff's appeal efforts. (Oppos. at 8, *referencing* Oppos. Exhibit B.) The Court finds that an assertion of waiver based on an isolated communication is distinct from the level of ongoing engagement at issue in *DeMaria* and *Gregory Surgical Services*. Accordingly, the Court holds that Plaintiff has failed to set forth sufficient facts to support a deviation from applicable federal law which honors valid anti-assignment provisions in health benefit plans. Because the Court accordingly finds that Plaintiff lacks standing to pursue the ERISA claims set forth in its complaint, it need not address Defendant's remaining arguments.

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is granted. To the extent Plaintiff can cure the pleading deficiency by way of amendment, Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate order accompanies this opinion.

**CLAIRE C. CECCHI, U.S.D.J.**

Dated: September 21, 2017